IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00791–LTB–KMT

GEORGE A. CASTRO,

    Plaintiff,

v.

KRISTEN P. HOLMBERG,
JOEL MECKLENBURG,
ARONOWITZ & MECKLENBERG, P.C.,
US BANK, N.A.,

    Defendants.

## ORDER

This matter is before the court on the "Opposed Motion to Stay Discovery" filed by Defendants Aronowitz, Mecklenburg, Aronowitz & Mecklenburg, LLP, and U.S. Bank N.A. (Doc. No. 45, filed July 7, 2012.) Defendant Holmberg was granted leave to join the Motion to Stay on July 7, 1014. (*See* Doc. No. 46.) For the following reasons, the Motion is GRANTED.

In their Motion to Stay, Defendants seek to stay initial disclosures, expert disclosures, and pretrial disclosures pending ruling on their motions to dismiss. The motions to dismiss assert that Plaintiff's Complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (*See* Doc. Nos. 22 & 25.)

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248,

254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Indeed, a lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.* As such, decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted. *See Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Turning to the *String Cheese Incident* factors, the court acknowledges that Plaintiff has an interest in proceeding expeditiously with this case. However, the court finds that this interest is overcome by the burden Defendants might face if they were forced to proceed with discovery only to have the case dismissed for lack of subject matter jurisdiction. *Cf. String Cheese,* 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly

3

if the motion to dismiss is later granted."). For similar reasons, the court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction. *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted).

Finally, the interests of non-parties and the public do not prompt the court to reach a different result. Therefore, having balanced the five *String Cheese* factors, the court finds that a stay of discovery is "Opposed Motion to Stay Discovery" filed by Defendants Aronowitz, Mecklenburg, Aronowitz & Mecklenburg, LLP, and U.S. Bank N.A. (Doc. No. 45) is **GRANTED**. All discovery in this matter is hereby **STAYED** pending ruling on the motions to dismiss. The Scheduling Conference set for September 2, 2014, is **VACATED**. The parties shall file a joint status report within ten days of a ruling on the motions to dismiss to advise if the Scheduling Conference should be reset.

Dated this 21st day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge