IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00791–LTB–KMT

GEORGE A. CASTRO,

      Plaintiff,

v.

KRISTEN P. HOLMBERG,
JOEL MECKLENBURG,
STACY L. ARONOWITZ,
ARONOWITZ & MECKLENBERG, P.C.,
US BANK, N.A.,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the "Motion to Dismiss Complaint Pursuant to Fed.

R. Civ. P. 12(b)(6)" filed by Defendants Stacey Aronowitz, Joel Mecklenberg, and Aronowitz &

Mecklenburg, LLP ("A&M Defendants") (Doc. No. 22 [A&M's Mot.], filed April 30, 2014).

Plaintiff filed his response on June 20, 2014 (Doc. No. 38 [Resp. A&M's Mot.]), and the A&M

Defendants filed their reply on July 7, 2014 (Doc. No. 47 [A&M's Reply]).

Also before the court is Defendant U.S. Bank, N.A.'s "Motion to Dismiss" (Doc. No. 25

[U.S. Bank's Mot.], filed May 9, 2014).  Plaintiff filed his response on June 23, 2014 (Doc. No.

41 [Resp. U.S. Bank's Mot.]), and Defendant U.S. Bank filed its reply on June 26, 2014 (Doc.

No. 42 [U.S. Bank's Reply]).

Also before the court is Defendant Kristen P. Holmberg's "Motion for Summary Judgment" (Doc. No. 50 [Holmberg's Mot.], filed July 25, 2014).  Plaintiff filed his response on August 28, 2014.  (Doc. No. 60 [Resp. Holmberg's Mot.].)  Defendant Holmberg did not file a reply.

These motions are ripe for recommendation and ruling.

## STATEMENT OF CASE

In December of 2006, Defendant Kristen P. Holmberg executed a promissory note in the principal amount of $328,000.00 (the "Note") secured by a deed of trust on the subject property located at 2329 South Ellis Court, Lakewood, Colorado 80228 (the "Property").  (A&M's Mot., Exs. D & E.)[1]  The Note ultimately was transferred to MASTR Adjustable Rate Mortgage Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3 (the "Trust").  (*Id.*, Ex. D.)

After Defendant Holmberg defaulted on her monthly obligations under the Note and failed to cure her default, the Trust initiated foreclosure proceedings.  (*Id.*, Ex. F.)  The A&M Defendants represented the Trust during the foreclosure proceedings.  (*Id.*)  After an evidentiary hearing in which the original note was presented on behalf of the Trust, the Jefferson County District Court entered an order authorizing the sale of the Property.  (*Id.*, Exs. G & H.)  The

---

[1] At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. . . .  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations omitted).  Here, the court takes judicial notice of the public records recorded attached as exhibits to Defendant A&M's motion, including the documents filed in Jefferson County Case Number 2013CV302213.

Property was sold at the Jefferson County Public Trustee Sale on March 19, 2014 to the Trust. (Doc. No. 24 at 1.)  At the time of the foreclosure sale, U.S. Bank served as trustee for the Trust. (*Id.*)

On March 17, 2014, Castro filed his Complaint alleging that his brother, Luis Castro, entered into an extended purchase contract for the Property, wherein Luis Castro was to make various payments to Holmberg and would pay the full purchase price by January 1, 2014. (Compl., ¶ 4-5.)  Plaintiff alleges when Luis Castro passed away, the contract was assigned to him.  (*Id.*, ¶ 4.)  Plaintiff alleges the defendants proceeded with the foreclosure proceedings despite his interest in the Property.  (*See* Compl.)

In his Complaint, Plaintiff asserts one claim for relief against the A&M Defendants and Defendant U.S. Bank for alleged violations of the due process and equal protection clauses under 42 U.S.C. § 1983.  (*See id.* at 7-9.)  Plaintiff asserts a second claim for relief against all defendants for alleged civil conspiracy under 42 U.S.C. § 1985.  (*Id.* at 9-11.)  Finally, Plaintiff asserts a claim for breach of contract against Defendant Holmberg.  (*Id.* at 11-12.)

## LEGAL STANDARD

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see*

*also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply

additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the plaintiff in the absence of any discussion of those issues").

*2.      Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff=s complaint alone is legally

sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff=s factual

allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.*

*Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means

that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of

analysis. First, the court identifies "the allegations in the complaint that are not entitled to the

assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or

merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations Ato

determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a

plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual

averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover,

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.' " *Id.* (citation omitted). "Where a complaint pleads

facts that are 'merely consistent with' a defendant=s liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

5

## ANALYSIS

### 1.      *Motions to Dismiss*

#### A.      *Claims Under 42 U.S.C. § 1983*

The A&M Defendants and Defendant U.S. Bank argue that Plaintiff fails to state a claim against them pursuant to § 1983.

42 U.S.C. § 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution.  *See  Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).  A civil rights plaintiff proceeding under § 1983 must allege and prove that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  If both elements are not alleged, the complaint fails to state a claim under § 1983.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ' *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  " '[P]urely private acts which are not furthered by an actual or purported state authority are not acts under color of state law." ' *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995) (quoting *Parna v. City of Perth Amboy*, 42 F .3d 809, 816 (3rd Cir. 1994)).  "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show . . . that the individual's conduct is 'fairly attributable to the State." ' *Pino v. Higgs*, 75 F.3d 1461, 1465

(10th Cir. 1996) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The

Supreme Court uses a two-part test to determine whether an action is attributable to the state:

> First, the deprivation must be caused by the exercise of some right or privilege
> created by the State or by a rule of conduct imposed by the State or by a person
> for whom the State is responsible.... Second, the party charged with the
> deprivation must be a person who may fairly be said to be a state actor.

 *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937.  In this case, there are no allegations of

involvement of any state actors, of the defendants acting under color of state law, or of a

conspiracy with persons acting under color of state law.

Private misuse of state procedures or violations of state law does not amount to state

action.  *Cobb v. Saturn Land Co., Inc.*, 966 F.2d 1334, 1336 (10th Cir. 1992).  State action

requires joint participation with state officials in the violative acts.  "[T]he private defendant

must still " 'make use of state procedures with the overt, significant assistance of state

officials" ' in order to 'involve state action " substantial enough to implicate the Due Process

Clause." " ' *Cobb*, 966 F.2d at 1337 (quoting *Connecticut v. Doehr*, 501 U.S. 1, 10 (1991)

(quoting *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 496 (1988))).  The

plaintiff does not allege that any state official assisted with the defendants' actions or that there

was a conspiracy with a state official.  *See  Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81

(10th Cir. 1990) (Plaintiff must allege factual basis to support conspiracy between private

individual and state official).  Without such allegations, the plaintiff's constitutional claims

concerning the state foreclosure proceeding must fail.  *See, e.g. Barnard v. Young*, 720 F.2d

1188, 1189 (10th Cir. 1983) (Attorney does not become a state actor merely because he is

litigating on behalf of a client in a state forum); *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir.

1980) (There is no state action where the state does nothing but provide a forum for the

adjudication of private interests).

Therefore, Plaintiff's first claim asserted under Section 1983 properly is dismissed.

**B.      *Claims Under 42 U.S.C. § 1985***

Section 1985(3) applies "only to conspiracies motivated by 'some racial, or perhaps

otherwise class-based, invidiously discriminatory animus." ' *Tilton v. Richardson*, 6 F.3d 683,

686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).   " '[I]n the

absence of allegations of class based or racial discriminatory animus, the complaint fails to state

a claim under § 1985." ' *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (quoting *Campbell

v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979)).   To state a claim under § 1985 for a

private conspiracy, a plaintiff must allege "(a) that a racial or other class-based invidious

discriminatory animus lay behind the coconspirators' actions, (b) that the coconspirators

intended to deprive the victim of a right guaranteed by the Constitution against private

impairment, and (c) that that right was consciously targeted and not just incidentally affected."

*Brown v. Philip Morris Inc.*, 250 F.3d 789, 805 (3d Cir. 2001).   Plaintiff states that he is

Hispanic and a member of a protected class (Compl. at 2), but he does not otherwise make any

allegations related to his ethnicity or how the defendants' alleged actions were racially

motivated.   "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.

Plaintiff's second claim asserted under Section 1985 properly is dismissed.

C.       *Supplemental Jurisdiction Over State Law Claims*

Plaintiff's remaining claim pertains to alleged violations of Colorado law.  A federal

district court may decline to exercise supplemental jurisdiction over state law claims if "the

district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

1367(c)(3).  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the United

States Supreme Court held that supplemental "jurisdiction is a doctrine of discretion, not of

plaintiff's right.  Its justification lies in consideration of judicial economy, convenience and

fairness to litigants."  *Id.*  The Supreme Court found that if a plaintiff's "federal claims are

dismissed before trial," the plaintiff's "state claims should be dismissed as well."  *Id.*  The Tenth

Circuit has held that, "[i]n general, when federal claims are disposed of prior to trial, the district

court may decline to exercise supplemental jurisdiction over state law claims and allow the

plaintiff to assert those claims in state court."  *Summum v. Duchesne City*, 482 F.3d 1263, 1276

(10th Cir. 2007).

This court recommends that Plaintiff's only federal question claims be dismissed.

Without the federal claims, the Court does not have original jurisdiction over any of the

surviving claims because they do not present a federal question, and the parties are not diverse.

The Court has not entered a scheduling order, and the parties have not expended substantial time

and resources on discovery.  *Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798 (10th Cir.

1991).  The state law claims do not raise any issues which would implicate federal law.  In such

circumstances, the Supreme Court has counseled that "[n]eedless decisions of state law should

be avoided both as a matter of comity and to promote justice between the parties . . . ."  383 U.S.

at 726.  Therefore, considering judicial economy, convenience, and fairness to the litigants, *id.*,

this court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" filed by Defendants Stacey Aronowitz, Joel Mecklenberg, and Aronowitz & Mecklenburg, LLP (Doc. No. 22) and Defendant U.S. Bank, N.A.'s "Motion to Dismiss" (Doc. No. 25) be **GRANTED** and that this case be dismissed in its entirety.  The court further

**RECOMMENDS** that Defendant Kristen P. Holmberg's "Motion for Summary Judgment" (Doc. No. 50) be **DENIED** as moot.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of February, 2015.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

11